Filed 1/8/15  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060377 |
| v. | (Super.Ct.No. RIF1207800) |
| JOSEPH ANTHONY MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed as modified.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Joseph Anthony Martinez is serving eight years in prison as a second-striker after being convicted of using and possessing heroin on a single occasion, with enhancements for prior prison terms. Defendant challenges the sentencing court's imposition of a $600 drug program fee despite the court's findings that he did not have the ability to pay the fee. The People concede the issue and this court agrees. We order the $600 drug program fee stricken.

### FACTS AND PROCEDURE

On October 7, 2012, sheriff's deputies found defendant passed out in an alley. Defendant had a hypodermic needle in his possession with a brown substance in it that later tested to be a usable amount of heroin. Defendant admitted to having injected heroin earlier that day and to being a daily user. A urine test confirmed that he had recently used.

On December 4, 2013, a jury convicted defendant of possessing a controlled substance (Health & Saf. Code, § 11350),[1] being under the influence of a controlled substance (§ 11550, subd. (a)) and possessing drug paraphernalia (§ 11364.1). Defendant admitted to having four prison term priors (Pen. Code, § 667.5, subd. (b)) and one strike prior (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On January 6, 2014, the trial court sentenced defendant to serve eight years in prison as follows: the midterm of two years for drug possession, doubled to four years

---

[1] All section references are to the Health and Safety Code unless otherwise indicated.

for the strike prior, plus four consecutive one-year sentences for the prison term priors. The sentences on the other two counts were to be served concurrently.

The trial court also told the defendant, "You are to pay a $600 drug program fee for each qualifying offense, pursuant to [section] 11372.7 of the Health and Safety Code. I find you don't have the financial ability to pay that, but you are ordered to pay it."

This appeal followed.

On May 16, 2014, defendant's appointed counsel on appeal filed a motion to correct several aspects of defendant's sentence and fees assessed. On June 2, 2014, the trial court denied the portion of the motion asking the court to strike the $600 drug program fee.

## DISCUSSION

Defendant argues the trial court erred when it imposed a drug program fee after concluding he lacked the ability to pay it. The People concede and we agree.

Section 11372.7, subdivision (a), requires a defendant convicted of certain drug offenses to pay a drug program fee: "Except as otherwise provided in subdivision (b) or (e), each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense. The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law.

The ability to pay component is set forth in subdivision (b), which prohibits a court from imposing the fee if the defendant cannot afford to pay the fine: "The court

3

shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. . . . If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee." (§ 11372.7, subd. (b).)

Here, the trial court specifically found that defendant did not have the ability to pay the fine, but imposed it anyway. This was error.

**DISPOSITION**

The judgment is modified to strike the $600 drug program fee imposed under section 11372.7. In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.*

We concur:

RAMIREZ
P. J.

KING
J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.